UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Plaintiff,

-v-

NETHERLANDS INSURANCE COMPANY,

Defendant.

---

21 Civ. 6061 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On March 1, 2023, the Court issued an Opinion and Order (the "Opinion") in this case, (1) denying Travelers's partial motion for summary judgment and (2) granting Netherlands's cross-motion for summary judgment seeking a declaration that Netherlands does not owe J.T. Magen, Mayer Brown, or 1221 Holdings a duty to defend or a duty to indemnify in the underlying personal-injury state-court action. Dkt. 48 at 27. In the Opinion, the Court ordered Netherlands to file, by March 15, 2023, a letter clarifying its request for "costs and disbursements of this action." *Id.*

On March 1, 2023, Netherlands filed a letter stating that "[t]he costs and disbursements Netherlands requests does not mean attorneys' fees," but rather costs other than attorneys' fees pursuant to [Federal Rule of Civil Procedure 54(d)(1)]." Dkt. 49 at 1.

Under the Federal Rules of Civil Procedure, costs "other than attorney's fees" generally "should be allowed to the prevailing party," "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). The Rule "codifies a venerable presumption that prevailing parties are entitled to costs." *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014) (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013)). "The

award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception." *Mercy v. Suffolk County*, 748 F.2d 52, 54 (2d Cir. 1984). "For this reason, the losing party has the burden to show that costs should not be imposed . . . ." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). "The essence of being a 'prevailing party' is achieving a 'material alteration of the legal relationship of the parties' that is judicially sanctioned." *N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester Cnty. Taxi & Limousine Comm'n*, 272 F.3d 154, 158 (2d Cir. 2001) (quoting *Buckhannon*, 532 U.S. at 604).

The Supreme Court has interpreted costs under Rule 54(d)(1) to mean those enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Under 28 U.S.C. § 1920, there are six categories of costs: (1) "[f]ees of the clerk and marshal," (2) "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," (3) "[f]ees and disbursements for printing and witnesses," (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," (5) "[d]ocket fees under section 1923 of this title," and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

Netherlands is the prevailing party and is therefore entitled to taxable costs. Pursuant to Local Rule 54.1:

> Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, unless this period is extended by the Court for good cause shown, any party seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing . . . . A party objecting to any cost item shall serve objections by Electronic Case Filing . . . . The Clerk will proceed to tax costs at the time scheduled and allow such items as are properly taxable.

Accordingly, Netherlands is directed to present a bill of all costs to the Clerk within 30 days of the entry of final judgment by this Court, or, if Travelers appeals, within 30 days of the final disposition of Travelers's appeal. After the Clerk awards costs, the parties will have seven days to appeal that award to this Court. Fed. R. Civ. P. 54(d)(1).

The Clerk of Court is respectfully directed to enter final judgment in this case (1) granting Netherlands's cross-motion for summary judgment seeking a declaration that Netherlands does not owe J.T. Magen, Mayer Brown, or 1221 Holdings a duty to defend or a duty to indemnify in the underlying personal-injury state-court action; and (2) granting Netherlands taxable costs, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: March 1, 2023
       New York, New York

3